Andrew B. Downs
Nevada Bar No. 8052
E-mail: andy.downs@bullivant.com
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: 415.352.2700
Facsimile: 415.352.2701

Tracy A. DiFillippo
Nevada Bar No. 7676
E-Mail: tdifillippo@armstrongteasdale.com
ARMSTRONG TEASDALE LLP
7160 Rafael Rivera Way, Suite 230
Las Vegas, NV 89113
Telephone: 702.678.5070
Facsimile: 702.878.9995

Attorneys for Plaintiff Admiral Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY, a corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN MAKSIN, an individual; NATALIE MAKSIN, an individual,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff alleges:

**JURISDICTION**

1.　　This action is within the diversity jurisdiction of the court because it is between parties who are citizens of different states, and the amount in controversy exceeds $75,000, as shown below.

2. Plaintiff Admiral Insurance Company ("Admiral") is a corporation incorporated in Delaware with its principal place of business in Arizona. For purposes of diversity jurisdiction, Admiral is a citizen of both Delaware and Arizona.

3. Defendant Steven Maksin is an individual and is the founding member of non-party Moonbeam Capital Investments, LLC ("Moonbeam") which is headquartered in Las Vegas, Nevada. Steven Maksin is a resident of either Nevada or New York. For purposes of diversity jurisdiction, Steven Maksin is a citizen of either Nevada or New York, but not of Delaware or Arizona.

4. Defendant Natalie Maksin is an individual and is the Executive Vice President and Chief Legal Officer of non-party Moonbeam. Natalie Maksin is a resident of either Nevada or New York. For purposes of diversity jurisdiction, Natalie Maksin is a citizen of either Nevada or New York, but not of Delaware or Arizona.

5. This dispute concerns coverage under liability insurance policies issued by Admiral to non-party Moonbeam under which Steven and Natalie Maksin (collectively, "the Maksins") are named insureds. The Maksins are defendants in an action filed in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida by Lexington Insurance Company in which Lexington seeks damages in excess of $1,491,989.92, thus the amount in controversy in this matter exceeds $75,000 exclusive of interest and costs.

## COMMON ALLEGATIONS

6. Admiral issues policies of insurance in Nevada as a "Surplus Line" or non-admitted insurer pursuant to the provisions of Chapter 685A of the Nevada Revised Statutes.

7. Admiral issued policy number CA000033096-03 (the "primary policy") to Moonbeam for the period of January 1, 2021 to January 1, 2022. A true and correct copy of that policy is attached as Exhibit 1 and is incorporated by reference in this Complaint.

8. Admiral issued policy number GX000003955-01 to Moonbeam (the "excess policy") for the period of January 1, 2021 to January 1, 2022. A true and correct copy of that policy is attached as Exhibit 2 and is incorporated by reference in this Complaint.

9. The primary policy provides Commercial General Liability coverage to the named insureds, including the Maksins, That policy includes an endorsement entitled "Limitation Of Coverage To Designated Premises, Project Or Operation" which provides:

> **b.** This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:
>
> **(1)** The "bodily injury" or "property damage":
>
> **(a)** Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or
>
> **(b)** Arises out of the project or operation shown in the Schedule;
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
>
> **(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

10. The Admiral excess policy provides that will follow the terms of the primary policy and will not provide coverage more broad than that provided by the primary policy:

> **e.** The insurance provided under this policy will follow the same provisions, exclusion and limitations that are contained in the applicable "controlling underlying insurance", unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions of this policy will apply. However, the coverage provided under this policy will not be broader than that provided by the applicable "controlling underlying insurance."

11. On January 26, 2021 a Warranty Deed in favor of the Maksins was recorded in Miami-Dade County, Florida. A true and correct copy of that Warranty Deed is attached as

– 3 –

Exhibit 3. By that deed, title to Unit 4608 of the Jade Ocean Condominium located at 17121 Collins Avenue, Sunny Isles Beach, Florida was conveyed to the Maksins.

12. On April 20, 2021, the Surplus Lines broker acting on behalf of the Maksins, R-T Specialty, LLC, requested that Admiral add the Jade Ocean Condominium to the Admiral primary policy effective April 15, 2021. Acting on behalf of the Maksins, the Surplus Lines broker did not disclose that there had been any losses at the Jade Ocean Condominium prior to April 20, 2021.

13. On April 5, 2023 Lexington Insurance Company filed an action in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida entitled *"Lexington Insurance Company a/s/o Robert Graybill and Daria Graybill v. Steven Maksin and Natalie Maksin*, which action bears Case Number 2023-CA-014837 in that court (the "Lexington suit"). A true and correct copy of the Lexington Complaint is attached as Exhibit 4 and is incorporated for purposes of identification only.

14. In its Complaint, Lexington alleges that on or about April 13, 2021, a waterline associated with the shower in the Maksins' condominium failed, causing water damage to the condominium owned by Lexington's insureds, the Graybills. Lexington seeks damages from the Maksins in excess of $1,491,989.92.

15. On or about May 24, 2023, the Maksin's retail insurance broker, Alliant Insurance Services reported the Lexington suit to Admiral and requested that Admiral defend and indemnify the Maksins against the Lexington suit.

## COUNT 1 – DECLARATORY JUDGMENT
### (Duty to Defend)

16. Admiral realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15 of this Complaint as if set forth in full at this point.

17. Under the limitation of coverage to designated premises endorsement, the Admiral policies provide liability insurance coverage only if the bodily injury or property damage for which a defense and indemnity are sought occur on the premises shown in the

primary policy Schedule or on the grounds and structures appurtenant to those premises, or arise out of the project or operation shown in the schedule.

18. Unit 4608 of the Jade Ocean Condominium located at 17121 Collins Avenue, Sunny Isles Beach, Florida was not a scheduled location on the primary Admiral policy as of April 13, 2021 when the loss alleged by Lexington took place.

19. Because the location of the loss alleged by Lexington was not a scheduled location as of April 13, 2021, Admiral has no duty to defend the Maksins against the Lexington lawsuit.

20. A real and justiciable controversy has arisen between the Maksins and Admiral in that the Maksins allege they are entitled to a defense (following exhaustion of the Self-Insured Retention) while Admiral contends there is no duty to defend.

21. Admiral seeks a declaratory judgment that it has no duty to defend the Maksins against the Lexington suit.

WHEREFORE, Admiral prays for relief as set forth below.

## COUNT 2 – DECLARATORY JUDGMENT

### (Duty to Indemnify)

22. Admiral realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15, 17 and 18 of this Complaint as if set forth in full at this point.

23. Because the location of the loss alleged by Lexington was not a scheduled location on the primary policy as of April 13, 2021, Admiral has no duty to indemnify the Maksins against any settlement or judgment (following exhaustion of the Self-Insured Retention) in the Lexington suit.

24. Admiral seeks a declaratory judgment that it has no duty to indemnify the Maksins in connection with the Lexington suit.

WHEREFORE, Admiral prays for relief as set forth below.

WHEREFORE, Admiral prays for entry of judgment as follows:

1. For a declaratory judgment that Admiral has no obligation to defend the Maksins against the claims made in the Lexington suit;

2. For a declaratory judgment that Admiral has no obligation to indemnify the Maksins against the claims made in the Lexington suit;

3. For costs of suit; and

4. For such other relief as is appropriate.

DATED: November 22, 2023

                                  BULLIVANT HOUSER BAILEY PC

By */s/ Andrew B. Downs*
Andrew B. Downs
Nevada Bar No. 8052
101 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiff Admiral Insurance Company

**DEMAND FOR TRIAL BY JURY**

Plaintiff Admiral Insurance Company demands a trial by jury of all issues so triable.

DATED: November 22, 2023

                                  BULLIVANT HOUSER BAILEY PC

By */s/ Andrew B. Downs*
Andrew B. Downs
Nevada Bar No. 8052
101 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiff Admiral Insurance Company

4857-1209-0740.3

*****